JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ZISOOK, an individual; LILI ANN ZISOOK, an individual, <br><br>  Plaintiffs, <br><br>  v. <br><br> GENLB-RANCHO, L.L.C., a Delware Limited Liability Company; GENCOM GROUP,L.L.C., a Delaware Limited Liability company, ROCK RESORTS INTERNATIONAL, L.L.C., a Delaware Limited Liability Company; THE LODGE AT RANCHO MIRAGE, a business entity form unknown, <br><br>  Defendants. | Case No. CV 07-06951 DDP (JCRx) <br><br> **ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> [Order to Show Cause filed on December 10, 2007] |

This matter comes before the Court in response to the Court's sua sponte Order to Show Cause Why this Case Should Not be Dismissed for Lack of Jurisdiction. After reviewing the materials submitted by the parties and considering the arguments therein, the Court dismisses this action from federal court.

///

## I. BACKGROUND

Plaintiffs Richard and Lili Ann Zisook ("the Zisooks") filed this action in federal court against a number of defendants for an unfortunate unfolding of events in connection with their daughter's wedding. According to their complaint, beginning in November 2005 the Zisooks inquired into holding the wedding at The Lodge, a five-start hotel resort and spa owned and managed by Defendants. The Zisooks toured The Lodge, and decided to use it for the wedding, which was to be held in October 2006. They entered into negotiations with Defendants, received confirmation of their chosen dates, and began drawing up contracts. The Zisooks were expecting 300-350 guests.

The Zisooks allege that in January 2006, Defendants began development and renovation plans for The Lodge. Defendants knew that these plans would require the complete shut-down of The Lodge during October 2006, but failed to disclose this fact to Plaintiff until late May 2006. According to the complaint, due to the misconduct of Defendants, Plaintiffs were forced to find another venue and accommodations on short notice. Plaintiffs allege breach of contract, fraud, and federal mail and wire fraud.[1]

On December 10, 2007, the Court issued an Order to Show Cause Why this Case Should Not be Dismissed for Lack of Subject Matter Jurisdiction.

///

///

---

[1] Plaintiffs founded this claim on federal criminal statutes. See 18 U.S.C. §§ 1341-43. They now concede these statutes do not provide federal civil causes of action for individuals, and have withdrawn this claim.

2

## II. DISCUSSION

"A federal court has subject matter jurisdiction over an action that either arises under federal law, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000." Tosco Corp. v. Cmtys for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001) (citing 28 U.S.C. §§ 1331, 1332). When bringing a claim in federal court, the "plaintiff has the burden of proving jurisdiction." Id. To establish federal jurisdiction, the plaintiff

> must show in his pleading affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to his attention or on discovering the same, must dismiss the case, unless the defect be correct by amendment.

Id. (internal quotation marks omitted). The parties agree that the case does not arise under federal law, and that the complete diversity of citizenship requirement is satisfied. Accordingly, the only issue is whether the amount-in-controversy has been shown sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiffs argue that the conclusory allegation in their complaint that they are entitled to $300,000 in damages is sufficient to meet the amount in controversy requirement. "Generally, the amount in controversy is determined from the face of the pleadings." Crum v. Circus Circus Enter., 231 F.3d 1129, 1131 (9th Cir. 2000). However, "[t]he sum claimed by the plaintiff controls [only] so long as the claim is made in good faith." Id. In this case, the Court issued an order asking for further explanation because it was not convinced that "the amount in controversy equals or exceeds $75,000 as required to establish

diversity jurisdiction under 28 U.S.C. § 1332." (Order to Show Cause 1.) Plaintiffs responded with nothing other than their bare bones allegation of damages equaling $300,000. The Court is sympathetic to the anxiety that replacing their wedding venue must have caused the Zisooks. However, the actual damages in this case are easily ascertainable. Prompted by Court's request for further information, the Zisooks could have provided some detail into the cost of replacing their venue as compared to the cost of originally holding the wedding at The Lodge. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 690 (9th Cir. 2006) (noting that in order to ascertain whether the amount in controversy satisfies the jurisdictional minimum, courts can consider facts and "summary-judgment-type evidence relevant to the amount in controversy" (internal citation omitted)). That they did not has led the Court to conclude there is no good faith basis on which to claim damages in an amount equal to or greater than $75,000. Cf. Crum, 231 F.3d at 1131 (reversing a dismissal where the plaintiff had broken down the alleged damages, explaining how she exceeded the $75,000 mark). Accordingly, the Court dismisses this action from federal court.

IT IS SO ORDERED.

Dated: January 14, 2008

_____
DEAN D. PREGERSON
United States District Judge